UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DIANE VAN DEN BERG, individually
and as personal representative of the estate of
DAVID J. VAN DEN BERG, deceased,

        Plaintiff,

        v.                                 Case No. 04-C-0396

CHARLES W. WASHBURN,
WERNER ENTERPRISES, INC., and
THE INSURANCE COMPANY
OF THE STATE OF PENNSYLVANIA,

        Defendants.

**ORDER**

        Plaintiff Diane Van Den Berg has moved to compel Defendant Werner Enterprises, Inc., to respond fully to her second set of interrogatories and second set of requests for the production of documents. Werner has not responded to the motion.[1] For the following reasons, the motion will be granted.

        This case arises out of an accident on June 15, 2003, that resulted in the death of David J. Van Den Berg. Werner owned the truck involved in the accident. Plaintiff's second set of interrogatories and document requests culminated an attempt to take discovery from Werner that began on March 24, 2004. (Hitzeman Aff. ¶ 7.) Plaintiff served the second set of interrogatories and document requests on Werner on December 17, 2004. (Hitzeman Aff., Ex. C.) While Werner

---

[1] Plaintiff electronically filed her motion on May 26, 2005. Pursuant to Civil L. R. 7.1(b), Werner's response was due by June 16, 2005.

made a halfhearted attempt to respond in May, 2005 (Hitzeman Aff. ¶ 18, Ex. B), it has yet to respond in full.

Rules 33 and 34 of the Federal Rules of Civil Procedure require parties to respond to interrogatories and document requests within thirty days. Failure to make a timely objection to a discovery request waives the objection, even if the objection is based on a privilege, unless the objecting party shows good cause for its failure. *Drexel Heritage Furnishings, Inc. v. Furniture USA, Inc.* 200 F.R.D. 255, 258-259 (M.D. N.C. 2001). Werner did not respond to the second set of interrogatories and document requests within thirty days. Nor has Werner made a showing of good cause for its failure. Accordingly, the court finds that Werner has waived any objections it may have had to plaintiff's second set of interrogatories and document requests. Werner must respond in full to the second set of interrogatories and document requests.

Plaintiff has requested that the court order defendant to pay her reasonable expenses incurred in making this motion, including attorney's fees. Fed. R. Civ. P. 37(a)(4)(A) mandates such an award unless the court finds that the motion was made without consultation with defendant, defendant's refusal to produce was substantially justified, or other circumstances make an award unjust. The court can make no such finding here. Accordingly, it will award costs and attorney's fees.

**IT IS THEREFORE ORDERED** that plaintiff's motion to compel is hereby **GRANTED.** Defendant Werner Enterprises, Inc., or its counsel shall pay plaintiffs' reasonable costs, including attorney's fees, incurred in making this motion.

Dated this   20th   day of June, 2005.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

2